[No. 27026. Department Two. August 9, 1938.]

VIOLA PARKER et al., Appellants, v. GEORGE F. TAYLOR et al., Respondents.[1]

L. H. Brown and John Huneke, for appellants.

G. M. Ferris, for respondents.

ROBINSON, J.—This action was brought by plaintiffs to recover damages for personal injuries sustained by Viola Parker while riding as a guest in an automobile being driven by the defendant George F. Taylor. Viola Parker will hereinafter be referred to as the plaintiff. The action is against husband and wife, and the husband will be hereinafter referred to as though he were the only defendant.

Plaintiff, who, with her husband and family, resided in Idaho, with her fourteen year old son, was visiting her brother, the defendant, and his family, who resided in Spokane. Defendant and his wife invited plaintiff and her son to ride with them and their twelve year old son in their automobile on a trip out into the country. On the way, the defendant decided to visit a farmer who lived on a dirt or gravel road several miles from

[1]Reported in 81 P. (2d) 806.

the main highway and interview him concerning the purchase of some hay. A short distance from the farmer's place, "about two blocks," the road passed over an irrigation ditch. The road was so constructed that it was considerably higher at the place where it passed over the irrigation ditch than the general level of the road, making what is referred to in the testimony as a "rise" or "hump."

Defendant, on the way out, drove slowly over the hump, but plaintiff, who was riding in the rear seat between the two boys, received a slight injury or hurt. On the way back, the boys requested the defendant to drive faster over the hump. The plaintiff testified:

"The children asked to go faster and I objected. Q. Tell what they said. A. The children wanted to go faster. Q. What did they say indicating that they wanted to go faster? A. Oh, my boy said, 'Oh, Uncle George, please go faster; that would be lots of fun.' And the nephew says, 'Yes, please, go faster.' I said, 'No, that hurt me the first time.' And my sister-in-law said, 'Oh, you are just being a wet blanket and spoiling all the children's fun.' So she says, 'Step on it, George,' and so he did."

Plaintiff was bounced in the seat of the car, sustaining injuries, consisting of a fracture of the twelfth dorsal vertebra, for which she seeks to recover damages. After the plaintiff had introduced her testimony and rested, the court sustained a challenge to the sufficiency of the testimony to justify a verdict in her favor. The case is here on appeal from the judgment dismissing the case.

Appellant contends that the accident was intentional on the part of the defendant, and that, therefore, though she was a guest in defendant's car, the action is not barred by the provisions of section 1 of the so-called automobile guest statute, chapter 18, Laws of 1933, p. 145. The statute provides:

"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee without payment for such transportation shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operators."

This statute is now superseded, but with no material change, by § 121 of chapter 189, Laws of 1937, p. 911; Rem. Rev. Stat., Vol. 7A, § 6360-121 [P. C. § 2696-879].

The statute required interpretation, since, literally and accurately speaking, an intentional accident is an impossible conception. The statute was interpreted by this court in *Shea v. Olson,* 185 Wash. 143, 53 P. (2d) 615, 111 A. L. R. 998, affirmed on rehearing *En Banc,* 186 Wash. 700, 59 P. (2d) 1183. See, also, *Carufel v. Davis,* 188 Wash. 156, 61 P. (2d) 1005, and *Lassiter v. Shell Oil Co.,* 188 Wash. 371, 62 P. (2d) 1096. In the *Shea* case, it was held that the legislature intended to limit liability to cases where the owner or operator of the vehicle intended to cause injury or destruction of property, and that, as there was no evidence of any intention on the part of the driver in that case "to commit suicide, homicide, or mayhem, or to destroy property," there could be no recovery.

Upon a consideration of the evidence, we find it impossible to believe that there was any intention on the part of the defendant in this case to cause injury or destroy property. Defendant and his sister, the plaintiff, were then, and the evidence shows have since been, on the friendliest terms. Besides the plaintiff there were with him in the car his wife and two boys, one of whom was his nephew and the other his son. He speeded up the car in order to please the children, to give them a thrill in going over the hump. His act in so doing may have been imprudent and, perhaps,

reckless, but it in no way indicates an intention on his part to injure anyone.

It is generally agreed that the guest statute was passed, not only for the purpose of doing away with collusive suits, but also to make it possible for an owner or driver of an automobile to invite others to ride with him without fear that, by so doing, he might subject himself to potential liability in the event they should be injured without any intent on his part. The statute means that one who accepts another's invitation to ride in his car assumes the risk of all injuries, except those intentionally caused by the owner or driver, and, as to those, proof that he intentionally did the act which resulted in the injury is not sufficient to fix liability. It must be made to appear that he intended to injure.

The judgment appealed from is affirmed.

STEINERT, C. J., BEALS, MILLARD, and BLAKE, JJ., concur.