[No. 30760. *En Banc.* June 10, 1949.]

NELLIE O. AKINS, *as Guardian ad Litem for Joyce O. Akins, a minor child, Appellant,* v. ROBBIE HEMPHILL *et al., Respondents.*[1]

[1]Reported in 207 P. (2d) 195.

*Walthew & Gershon,* for appellant.

*Metzger, Blair, Gardner & Boldt,* for respondents.

GRADY, J.—This action was brought by Nellie O. Akins, as guardian ad litem for her minor daughter, Joyce O. Akins, to recover a judgment against Robbie Hemphill and Earl J. Aphfell and wife for damages arising out of personal injuries sustained by her daughter as the result of the negligent conduct of Robbie Hemphill while driving an automobile in which she was an invited guest. The court sustained a general demurrer to the amended complaint. The plaintiff refused to plead further. A judgment of dismissal of the action was entered and the plaintiff has taken this appeal.

The factual situation, as disclosed by the amended complaint and admitted by the general demurrer, is that the respondents Aphfell maintained a family car and respondent Robbie Hemphill was permitted to use such automobile. On the occasion in question, Robbie Hemphill invited Joyce O. Akins, of the age of sixteen years, to be his guest to travel with him in the automobile from her home in Tacoma to Fort Lewis, which invitation she accepted. Soon after the commencement of the journey, Joyce O. Akins discovered that her host-driver was under the influence of intoxicating liquor. He was driving the automobile in such a negligent manner that she became frightened and demanded of him that he stop the automobile and allow her to alight therefrom, but instead of so doing, he increased the speed of the automobile and continued the careless and dangerous manner of his driving for approximately a half-mile. During this time, she continued to demand loudly of the respondent driver that he let her out of the automobile, but he made no audible reply to her demands, did not stop the vehicle nor slow down to such a speed as would have enabled her to have alighted from the car without great personal and immediate danger. The demands and

statements made by Joyce to her host-driver were heard by him but were not in any way heeded. At the end of the half mile referred to, the driver attempted to pass a truck. He was driving at a speed of over fifty miles per hour. The automobile collided with the rear of another truck and Joyce sustained severe and permanent injuries.

The judgment of the trial court was based upon Rem. Rev. Stat., Vol. 7A, § 6360-121 [P.P.C. § 295-95], commonly known as the "host-guest" statute, and our application thereof to the situation presented in the case of *Taylor v. Taug*, 17 Wn. (2d) 533, 136 P. (2d) 176. The statute reads as follows:

"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator: *Provided,* That this section shall not relieve any owner or operator of a motor vehicle from liability while the same is being demonstrated to a prospective purchaser."

In *Taylor v. Taug, supra,* we decided that one who voluntarily rides with a driver of a vehicle who recently had been drinking intoxicating liquor assumes the risks of the venture and is guilty of contributory negligence. We decided also in that case that the relationship of host and guest existed between the driver of the automobile and the injured plaintiff; that Rem. Rev. Stat., Vol. 7A, § 6360-121 was applicable, and that the plain intent of the statute was that in order to recover damages from a host, the guest must show that the host-driver, prior to the accident, conceived and acted upon a premeditated intent to injure the guest. In that case the plaintiff contended that when she requested the driver of the automobile to stop and allow her to alight therefrom, the relationship of host and guest terminated, and from that time he was responsible for any injury caused by his negligence. With the foregoing construction of the statute as a basis, we said:

"When appellant accepted a ride with respondent, she became a guest for the entire journey. To hold otherwise would nullify the plain wording and intent of the host-guest statute."

The appellant argues that the *Taylor v. Taug* case is distinguishable from the case at bar, in that it did not appear in that case that the driver heard the spoken words of the guest when she made the request that he stop the car and let her alight, or that he refused to comply with her request; while in this case the guest did not discover that the driver of the car had been drinking intoxicating liquor until some time after the commencement of the journey, and that he heard her demands to stop the car in order to allow her to alight but made no audible reply.

The factual situation in the case before us would justify a claim on the part of the appellant that her daughter did not assume the risks of the journey and was not guilty of contributory negligence by voluntarily riding with a driver who had been drinking intoxicating liquor, but it does not take away the effect of the rule to which we are committed that, when she became a guest of the respondent driver, she became such for the entire journey and did not terminate the host-guest relationship by her demands.

The statute as construed by this court affords complete immunity to a host-driver except in the event the accident causing the injury to the guest shall have been intentional on his part, or the host-driver was demonstrating the motor vehicle to a prospective purchaser. Neither exception is claimed in this case.

The application of the statute and our construction of it may seem harsh and unjust in view of the facts as disclosed by the record before us and the severe permanent injuries the daughter of the appellant has sustained by reason of the negligence of the respondent driver, but the courts must take the statute as it is written and apply it accordingly.

Any appeal from the rigor of the statute must be addressed to its creator, the legislature, rather than to the courts.

The judgment is affirmed.

JEFFERS, C. J., SIMPSON, and SCHWELLENBACH, JJ., concur.

HILL, J. (concurring)—I am prompted to write a concurring opinion because I feel that the question of public policy behind our host-guest statute and our interpretation of it in *Taylor v. Taug,* 17 Wn. (2d) 533, 136 P. (2d) 176, needs re-emphasis.

As I considered our language in cases such as *Gough v. Smalley,* 160 Wash. 193, 294 Pac. 1007, and *Parker v. Taylor,* 196 Wash. 22, 81 P. (2d) 806, there came a recollection of conditions existing before the enactment of that statute. That condition is aptly described in *Shea v. Olson,* 185 Wash. 143, 53 P. (2d) 615, 111 A. L. R. 998. The portion of the opinion to which I have particular reference begins with the last paragraph on p. 154 of 185 Wash. and continues to the end of the first paragraph on p. 156 (53 P. (2d) 620, law point 12). To repeat here two pages from a previous opinion would be indefensible, but it is only by a reading thereof that the reasons for this concurrence will be what we have from time to time termed "crystal clear."

It is my view that, as stated in *Shea v. Olson, supra,* the fact of rampant collusion induced the legislature to say that, as a matter of public policy, the stopping of collusive suits in host-guest cases is more important than maintaining the presumption that all witnesses tell the truth, the whole truth, and nothing but the truth. The legislature in effect said that it is better that there be an occasional injustice than a wholesale perversion of justice. To announce any other rule than that adhered to by the majority, would again make a jury question out of any host-guest case in which the plaintiff would testify, truly or falsely, that he or she had attempted to terminate the host-guest relationship prior to the accident. The public policy which supports the statute supports the interpretation which we

placed upon it in *Taylor v. Taug, supra,* and to which we now adhere.

BEALS, J., concurs with HILL, J.

STEINERT, J. (dissenting)—I am not in accord with the majority opinion, the effect of which is to hold that "once a guest, always a guest," throughout the entire journey, no matter how great or how conscientious an effort the person may make to terminate the relationship.

The statute here under consideration, Rem. Rev. Stat., Vol. 7A, § 6360-121 [P.P.C. § 295-95], has reference to a "person transported by the owner or operator of a motor vehicle *as an invited guest* . . ." (Italics mine.) By reason of the facts of this case, as stated in the majority opinion, the appellant was entitled to be let out of the automobile upon her demand and then and there to have her former relationship to the driver of the car terminated. Under such circumstances, she was no longer an "invited guest," but, rather, was one who stood in the position of a person being forcibly abducted.

In my opinion, the demurrer to the complaint should have been overruled.

MALLERY and ROBINSON, JJ., concur with STEINERT, J.