[No. 31561. Department One. April 5, 1951.]

THE STATE OF WASHINGTON, *on the Relation of E. J. Reed et al., Appellants,* v. SPANAWAY WATER DISTRICT *et al., Respondents.*[1]

[1]Reported in 229 P. (2d) 532.

Leslie N. Jochimsen and R. D. Campbell, for appellants.
E. K. Murray, for respondents.

FINLEY, J.—Plaintiffs below sought by mandamus to compel dissolution of Spanaway water district by the commissioners thereof, pursuant to the provisions of Rem. Rev. Stat., § 11602 [P.P.C. § 994-51] (Laws of 1929, chapter 114, § 25, p. 244). The demurrer of defendant commissioners to the application for the writ of mandamus was sustained. Plaintiffs elected to stand on the demurrer. They have appealed from the order of the trial court dismissing their application for the writ.

The basic question in this appeal is whether Rem. Supp. 1941, § 8931-11 et seq. (Laws of 1941, chapter 87, § 1, p. 211), established an exclusive and mandatory procedure for the dissolution of water districts, with the result that the procedure implicit in Rem. Rev. Stat., § 11602 (Laws of 1929, chapter 114, § 25), was, in effect, cancelled and is no longer available or operative as a method for the dissolution of water districts.

In this opinion, this court holds, and thereby establishes the case law rule, that *Rem. Rev. Stat. § 11602 (Laws of 1929, chapter 114, § 25), is not repealed by implication* through the enactment of Rem. Supp. 1941, § 8931-11 et seq. (Laws of 1941, chapter 87, § 1). It follows that the procedure prescribed in Rem. Rev. Stat., § 11602, is available and may be used to dissolve a water district.

The pertinent facts in this case may be stated briefly as follows: Spanaway water district is a municipal corpora-

tion, organized and existing under the laws of the state of Washington within Pierce county. E. J. Reed and Earl W. Rau, plaintiffs below, hereinafter referred to as appellants, can be considered as owners of real estate, taxpayers, and registered voters residing within the boundaries of the water district. Emerson Tarpenning, Robert Steidell, and Robert Rhone were the commissioners of the district and hereinafter will be referred to as respondents. Appellants and others signed and presented to respondents a petition for dissolution of the water district, which petition was based upon the provisions of Rem. Rev. Stat., § 11602, and the procedure implicit thereunder. Respondents took no action, but merely held the petition for more than forty-five days. Appellants applied to the superior court of Pierce county for a writ of mandamus. It was issued in the alternative and required the respondents to call an election relative to dissolution of the district or to show cause why they should not call the election. Respondents demurred to the application for the writ. Apparently, they argued that Rem. Rev. Stat., § 11602, had been repealed by Rem. Supp. 1941, § 8931-11 *et seq.*, and that the latter statute now provides the sole and exclusive procedure relating to dissolution of a water district.

Rem. Rev. Stat., § 11602, *supra,* provides, in effect, that proceedings for the dissolution of a water district may be initiated by a petition to the commissioners of the water district. The statute requires that the petition be signed by not less than twenty-five per cent of the voters within the water district. Under the statute, the commissioners, pursuant to filing of the petition as aforementioned, are required to hold an election. The voters, by their action at the polls, then determine whether or not a water district shall be dissolved. This procedure, to say the least, has some familiar and characteristic attributes of dynamic democracy in operation.

Undoubtedly, the same may be said of the procedure contemplated by Rem. Supp. 1941, § 8931-11 *et seq.* But there are distinct differences in the two procedures—some

quite obvious, some perhaps a little on the subtle side. In the latter instance, the procedure is initiated by the commissioners. Dissolution may be effectuated through a petition signed by the majority of the board of commissioners of the district and presented to the superior court. Under this statute, Rem. Supp. 1941, § 8931-11 *et seq.*, the final determination as to dissolution is made by the judge of the superior court after a finding that the interests of all persons concerned will be served best by the proposed dissolution.

To recapitulate: 1. Under Rem. Rev. Stat., § 11602, (a) the proceedings are initiated by the individual voters; (b) the final decision as to dissolution is determined by the voters themselves at an election called especially for that purpose. 2. Under Rem. Supp. 1941, § 8931-11 *et seq.*, (a) the proceedings for dissolution are initiated by a majority of the board of water district commissioners; (b) the final decision as to dissolution is determined by the superior court.

Appellants as well as respondents cite the same rule of statutory interpretation, together with the exception thereto. Substantially the same authorities are cited respecting application of the rule of statutory interpretation. The rule itself is well stated in *Abel v. Diking & Drainage Imp. Dist.,* 19 Wn. (2d) 356, 142 P. (2d) 1017:

"Repeals by implication are ordinarily not favored in law, and a later act will not operate to repeal an earlier act except in such instances where the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede the prior legislation on the subject, or unless the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot, by a fair and reasonable construction, be reconciled and both given effect. *State ex rel. Spokane & Eastern Branch of the Seattle First Nat. Bank v. Justice Court,* 189 Wash. 87, 63 P. (2d) 937, and cases therein cited; 25 R. C. L. 920, Statutes, Sec. 170." See, also, *Lindsey v. Superior Court,* 33 Wn. (2d) 94, 204 P. (2d) 482.

Appellants contend that the general rule disfavoring repeals by implication is applicable to this case; that the

exception to the rule is not applicable. The respondents' contentions obviously are to the contrary.

Chapter 161, Laws of 1913, furnished substantial legislative authority for the creation and operation of water districts. After its enactment, this legislation encountered constitutional difficulties in the courts. These appear to have been corrected by subsequent legislation, including the comprehensive enactment contained in chapter 114, Laws of 1929. No method for the dissolution of a water district was contained in chapter 161, Laws of 1913. It appears that none existed, nor was one provided until the enactment of chapter 147, Laws of 1917. The latter statute subsequently was incorporated in its entirety in chapter 114, Laws of 1929, becoming § 25 therein, and consequently an integral part thereof. It can now be cited and hereinafter will be referred to as Rem. Rev. Stat., § 11602.

As mentioned, Rem. Rev. Stat., § 11602, must be considered as an integral part of chapter 114, Laws of 1929. The latter, for presently practical purposes, and certainly when coupled with prior legislation relating to water districts, (1) appears to be a *complete* and comprehensive scheme of legislation; and, (2) appears to *cover the entire subject* of water districts and their creation, operation and dissolution.

The *general rule* of statutory interpretation respecting implied repeals, as previously stated, provides that, in the absence of specific repealing language, a prior act is not repealed by the enactment of a later act relating to the same matter. The *exception* to the general rule permits a repeal by implication if the later act:

1. *Covers the entire subject* matter of the earlier legislation;

2. Is *complete* within itself;

3. Is evidently intended to supersede the prior legislation on the subject; or

4. If the two acts are so clearly inconsistent with and repugnant to each other that they cannot by fair and reasonable construction be reconciled and both be given effect.

Let us now discuss in the order just enumerated the requirements or tests which determine whether the general rule or the exception is applicable to the present case here on appeal.

1. Rem. Supp. 1941, § 8931-11 *et seq.*, certainly does not cover the entire subject matter of the earlier legislation. In other words, Rem. Rev. Stat., § 11602, an integral part of chapter 114, Laws of 1929 (as § 25 thereof), together with the entire chapter, constitutes a comprehensive enactment covering many matters relating to water districts, their creation, operation, and dissolution, etc. Rem. Supp. 1941, § 8931-11 *et seq.*, relates solely to the matter of the dissolution of water districts.

2. Rem. Supp. 1941, § 8931-11 *et seq.*, may be complete within itself in so far as it does provide at least one seemingly complete procedure for the dissolution of a water district and other specified municipal entities.

3. There is no clear cut indication apparent that the legislature intended Rem. Supp. 1941, § 8931-11 *et seq.*, to supersede Rem. Rev. Stat., § 11602.

4. There is no insurmountable inconsistency between Rem. Rev. Stat., § 11602, and Rem. Supp. 1941, § 8931-11 *et seq.* Assuming that dissolution procedure might be instituted under Rem. Rev. Stat., § 11602, simultaneously with the institution of dissolution procedure under Rem. Supp. 1941, § 8931-11 *et seq.*, and that the voters at an election would be against dissolution, the superior court (if contrary minded) could still proceed with the dissolution of a water district under the latter statute. The converse would be true if the superior court should not favor dissolution and the voters of the district were in favor of dissolution.

■ In view of the foregoing analysis, Rem. Supp. 1941, § 8931-11 *et seq.*, does not meet the requirements or tests for application of *the exception* to the *general rule* of statutory interpretation. Here the general rule negating repeal by implication applies. Rem. Rev. Stat., § 11602, is not repealed by implication.

The general principle of law, that all acts of the legislature will be given effect in so far as reasonably possible, adds strength to the conclusion above stated. This principle is so well recognized that citation of authority is not indicated here.

The order appealed from is reversed. The cause is remanded for further proceedings in accordance with the above views.

SCHWELLENBACH, C. J., BEALS, HILL, and DONWORTH, JJ., concur.