[No. 33885. Department Two. March 7, 1957.]

MARY L. BECKET *et al.*, *Appellants*, v. ROBERT N. HUTCHINSON *et al.*, *Respondents*.[1]

*Brethorst, Fowler, Bateman, Reed & McClure,* for appellants.

*Martin, Shorts & Bever,* for respondents.

HILL, C. J., *Quaere:* Is the so-called host-guest statute applicable to motor vehicle accidents that occur on private streets and private property?

*Answer:* Yes.

*Facts Which Raise the Question:* Plaintiff Mary L. Becket was a passenger in an automobile owned by defendant Eastgate Motors, Inc., and operated by defendant Robert N. Hutchinson along a private street, as distinguished from a public street or highway, when the automobile careened

[1]Reported in 308 P. (2d) 235.

out of control and crashed into a tree, injuring Mrs. Becket. She and her husband sued. The jury found for the defendants under instructions which made the host-guest statute applicable unless the jury found that defendant Hutchinson was demonstrating the car. Judgment of dismissal was entered on the jury's verdict, a motion for judgment notwithstanding the verdict having been denied. The plaintiffs appeal arguing that the host-guest statute, *i.e.,* § 121 of chapter 189, Laws of 1937, p. 911 [*cf.* RCW 46.08.080], does not control because the accident did not occur on a public highway.

*Reason for the Answer Given:* Our first host-guest statute was enacted in 1933 (chapter 18, p. 145) and concededly applied to accidents both on and off the public highways. The public policy behind the host-guest statute was first stated in *Shea v. Olson* (1936), 185 Wash. 143, 154-155, 53 P. (2d) 615, 111 A. L. R. 998, and has been reiterated subsequent to the enactment of chapter 189, Laws of 1937. See *Borst v. Borst* (1952), 41 Wn. (2d) 642, 654, 251 P. (2d) 149, and cases there cited. We agree with the statement that:

"The same motive, which prompted the Legislature to deprive a guest of his common-law right of action when the accident occurred when the motor vehicle was being operated on a public highway, applies with equal force to the operation of a motor vehicle on a private roadway, highway or driveway." *Kitchens v. Duffield* (1947), 83 Ohio App. 41, 50, 76 N. E. (2d) 101.

Appellants' claim that our host-guest statute is now limited to accidents that occur on public highways is based upon their contention that the original host-guest statute (chapter 18, Laws of 1933, p. 145) was impliedly repealed by § 121, chapter 189, Laws of 1937, p. 911 [*cf.* RCW 46.08-.080], read in conjunction with the title to that act and the definition of "operator" contained therein. Section 121 reads as follows:

"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have

been intentional on the part of said owner or operator: . . ."

The title of the 1937 act (p. 835) reads, in part, as follows:

"An Act relating to vehicles and the operation thereof upon the public highways of this state."

And the definition of "operator" contained therein is:

"Every person who is in actual physical control of a motor vehicle as herein defined, upon a public highway, as herein defined." Section 1(ii), p. 840.

The 1933 host-guest statute, so far as relevant, reads as follows:

"An Act releasing owners of motor vehicles from responsibility for injuries to passengers therein.

"Section 1. No person transported by the owner or operator of a motor vehicle as an invited guest or licensee without payment for such transportation shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator." Title and § 1, chapter 18, Laws of 1933, p. 145. (See Rem. Rev. Stat., Vol. 7A, § 6297-1.)

Although chapters 98, 156, and 160, Laws of 1933, were expressly repealed by chapter 189, Laws of 1937 (§ 152, p. 931), no reference was made therein to chapter 18, and it has never been specifically repealed. Appellants urge that it was repealed by implication, not by anything in § 121 (the statement of substantive law), but by the limitation in the title and the definition of "operator" in the 1937 enactment.

█ We discussed the requisites for a repeal by implication in *State ex rel. Reed v. Spanaway Water Dist.* (1951), 38 Wn. (2d) 393, 397, 229 P. (2d) 532, pointing out that the repealing act must, *inter alia,* (1) cover the entire subject-matter of the earlier legislation, or (2) be so clearly inconsistent with and repugnant to the earlier legislation that the two cannot, by fair and reasonable construction, be reconciled and both be given effect.

█ If § 121 of the 1937 enactment is limited in its application to accidents on public highways—and that we do not

decide—it obviously does not cover the entire subject-matter of the earlier legislation, which was not so limited, and both acts can clearly stand side by side, one applying to accidents which occur on public highways and the other to accidents off the public highways. Thus, if appellants are correct in their contention that § 121 of chapter 189, Laws of 1937, p. 911, applies only to accidents on public highways, chapter 18 of the Laws of 1933, p. 145, is applicable in so far as the present case is concerned, and the trial court did not err in instructing the jury.

Our statement in *Parker v. Taylor* (1938), 196 Wash. 22, 24, 81 P. (2d) 806, that "This statute [chapter 18, Laws of 1933] is now superseded, but with no material change, by § 121 of chapter 189, Laws of 1937," was *obiter* and parenthetical and would, if § 121 of the 1937 enactment is limited as claimed, be too broad a statement.

*Disposition of Case*: Judgment affirmed.

MALLERY, DONWORTH, ROSELLINI, and WEAVER, JJ., concur.