[No. 35538. Department One. January 19, 1961.]

TEDDY LEE BABCOCK, *Respondent*, v. SCHOOL DISTRICT No. 17 OF CLALLAM COUNTY, *Appellant*.[1]

[1]Reported in 358 P. (2d) 547.

*Johnston & Raley*, for appellant.

*Severyns & Moffett* by *Tyler C. Moffett* and *Conniff & Taylor* by *Stanley A. Taylor*, for respondent.

OTT, J.—December 18, 1957, Teddy Lee Babcock, aged seventeen, was a student in a manual training class conducted by School District No. 17 of Clallam County. While he was operating a table saw provided by the district, an accident occurred which resulted in permanent injuries to his left hand. This action was commenced to recover for the injuries he sustained due to alleged acts of negligence on the part of the school district.

The defendant school district demurred to the complaint on the ground that Laws of 1917, chapter 92, p. 332 (RCW 28.58.030), prohibited such action. The defendant stood upon its demurrer, which was overruled.

From an adverse judgment, the school district has appealed.

Appellant's seven assignments of error raise only one question: Did Laws of 1953, chapter 118, p. 231 (RCW 4.08.110, 4.08.120), repeal by implication Laws of 1917, chapter 92, p. 332 (RCW 28.58.030)?

Laws of 1917, chapter 92, *supra,* is entitled "AN ACT relating to actions against school districts." It contains only one section which provides:

"No action shall be brought or maintained against any school district or its officers for any non-contractual acts or omission of such district, its agents, officers or employees, relating to any park, playground, or field house, athletic apparatus or appliance, or manual training equipment, whether situated in or about any school house or elsewhere, owned, operated or maintained by such school district."

Laws of 1953, chapter 118, *supra,* is entitled:

"An Act relating to actions by and against public corpora-

tions; repealing section 601, page 154, Laws of 1869 and section 661, Code of 1881, and amending section 4.08.110, RCW; repealing section 602, page 154, Laws of 1869 and section 662, Code of 1881, and amending section 4.08.120, RCW."

This act is comprised of two sections, the pertinent parts of which provide:

"Section 1. Section 601, page 154, Laws of 1869 and section 661, Code of 1881, are each repealed, and section 4.08-.110, RCW, presently derived therefrom and henceforth derived from this act, is amended to read as follows:

"An action at law may be maintained by any county, incorporated town, school district or other public corporation of like character, in its corporate name, and upon a cause of action accruing to it, in its corporate character and not otherwise, in any of the following cases: . . .

"Sec. 2. Section 602, page 154, Laws of 1869 and section 662, Code of 1881, are each repealed, and section 4.08.120, RCW, presently derived therefrom and henceforth derived from this act, is amended to read as follows:

"An action may be maintained against a county or other of the public corporations mentioned or described in RCW 4.08.110, either upon a contract made by such county, or other public corporation in its corporate character and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such county or other public corporation."

As will be noted from the statutes quoted above, Laws of 1917, chapter 92 (RCW 28.58.030), was not expressly repealed by Laws of 1953, chapter 118 (RCW 4.08.110, 4.08.120). In order to sustain the trial court, we must find that the repeal was effected by implication.

■ In *State ex rel. Reed v. Spanaway Water Dist.*, 38 Wn. (2d) 393, 229 P. (2d) 532 (1951), we set out certain rules of statutory interpretation governing implied repeals. All of the elements established by the rules must be present before a legislative enactment can be found to have been impliedly repealed by a subsequent act. Among these rules are (1) that the present legislation must evidently be intended to supersede the prior legislation on the subject, and (2) that both acts will be allowed to stand unless

they are clearly inconsistent with and repugnant to each other and cannot, by fair and reasonable construction, be reconciled and both given effect.

■ Considering the rule relative to legislative intent, we find that, in the 1953 session of the legislature, two bills were introduced relating to the subject of governmental immunity, namely, House Bills Nos. 124 and 555. Both bills were referred to the Judiciary Committee. The title to House Bill No. 124 reads as follows:

"AN ACT Relating to and authorizing actions against the state of Washington and all political subdivisions thereof; amending Title 4, RCW; *and repealing* chapters 4.92 and 35.31 and sections 4.16.120, *28.58.030,* 47.60.200, 47.60.230, 47.60.240 and 47.60.250, RCW." (Italis ours.)

This act, which would have specifically repealed Laws of 1917, chapter 92 (RCW 28.58.030), died in committee. House Bill No. 555, which did not repeal RCW 28.58.030, became Laws of 1953, chapter 118 (RCW 4.08.110, 4.08.120). From the foregoing, it is apparent to us that the legislature considered Laws of 1917, chapter 92 (RCW 28.58.030), at the time it passed Laws of 1953, chapter 118 (RCW 4.08.110, 4.08.120), and did not intend to repeal the former either expressly or by implication.

The second rule set out above requires that the acts not be inconsistent with each other, if they are both to be allowed to stand.

■ In *Kilbourn v. Seattle,* 43 Wn. (2d) 373, 261 P. (2d) 407 (1953), we had before us a problem similar to the one at bar. In the cited case, the opinion traced the doctrine of governmental immunity in this state, and pointed up the fact that two lines of decisions have become firmly imbedded in the law of this jurisdiction. One confers limited immunity from tort liability upon cities, towns, school districts, and other municipal corporations, while the other deprives counties and other quasi-municipal corporations of the same privilege. It would serve no useful purpose for us to repeat the manner in which these two doctrines arose, as that subject has been fully covered in the *Kilbourn* case. However, we point out here, as we pointed out in the cited

case, that the only legislative reaction to our decisions was to approve them. Laws of 1953, chapter 118 (RCW 4.08.110, 4.08.120), was there held not to be repugnant to Laws of 1917, chapter 92 (RCW 28.58.030), as the former act was intended to be amendatory of a statute relating to the rule that counties and quasi-municipal corporations are not entitled to the privilege of governmental immunity, whereas the latter act was intended to confer limited immunity upon school districts and, therefore, each act is consistent with the other.

We adhere to the rule as it is announced in the *Kilbourn* case.

The judgment is reversed, and the cause remanded with instructions to dismiss the complaint.

DONWORTH, WEAVER, and HUNTER, JJ., concur.

FINLEY, C. J., concurs in the result.

---

March 21, 1961. Petition for rehearing denied.