66 Wn.2d 672 (1965)
404 P.2d 432
WALTER C. FRANSEN et al., Respondents,
v.
THE STATE BOARD OF NATURAL RESOURCES et al., Appellants.[*]
No. 37404.
The Supreme Court of Washington, En Banc.
July 22, 1965.
The Attorney General, Harold T. Hartinger and Laurel L. Tiller, Assistants, for appellants.
Lewis A. Bell (of Bell, Ingram, Smith, & Minor), for respondents.
ROSELLINI, C.J.
When the defendants, members of the Board of Natural Resources, authorized the sale to the city of Tacoma of forest lands located within that city's Green River municipal watershed, the plaintiffs, after having first made demand on the attorney general, brought this taxpayers' suit to enjoin the delivery of the deed, contending that the sale of the lands in question is prohibited by RCW 76.12.120. The defendants moved to dismiss the action. The motion was denied and the court granted a temporary restraining order, from which this appeal was taken.
RCW 76.12.120 provides, insofar as it is pertinent to this action:
All land, acquired or designated by the [state forestry] board as state forest land, shall be forever reserved from sale, but the timber and other products thereon may be sold or the land may be leased in the same manner and for the same purposes as is authorized for state granted land if the board finds such sale or lease to be in the best interests of the state and approves the terms and conditions thereof.
It would seem that this provision unequivocally forbids the sale of state forest lands, which the lands the defendants propose to sell to Tacoma are admitted to be. But the defendants contend that they are given the authority to sell the lands in other statutory provisions. They first suggest that express authority may be found in RCW 79.01.414, which reads:

*674 The department of natural resources may grant to any person such easements and rights in state lands, tidelands, shorelands, oyster reserves, or state forest lands as the applicant applying therefor may acquire in privately owned lands through proceedings in eminent domain. No grant shall be made under this section until such time as the full market value of the estate or interest granted together with damages to all remaining property of the state of Washington has been ascertained and safely secured to the state.
If this statute authorizes the sale of state forest lands, it is in direct conflict with RCW 76.12.120, which was enacted originally in 1923. RCW 79.01.414 was added to the public lands act by the legislature in Laws of 1961, ch. 73, § 12.
[1] Repeals by implication are not favored. Before a legislative enactment can be found to have been impliedly repealed by a subsequent act, the present legislation must evidently be intended to supersede the prior legislation on the subject. Both acts will be allowed to stand unless they are clearly inconsistent with and repugnant to each other and cannot, by fair and reasonable construction, be reconciled and both given effect. Babcock v. School Dist. No. 17, 57 Wn.2d 578, 358 P.2d 547; State ex rel. Reed v. Spanaway Water Dist., 38 Wn.2d 393, 229 P.2d 532.
If the statute is read as permitting grants of easements and rights in forest lands but not the fee title to such lands, it does not conflict with RCW 76.12.120.
The defendants argue that the use of the word "estate" suggests that the legislature meant to authorize the granting not only of easements, but also of estates in fee. According to Black's Law Dictionary (4th ed.), an estate is
The interest which any one has in lands, or in any other subject of property.... In this sense, "estate" is constantly used in conveyances in connection with the words, "right," "title," and "interest," and is, in a great degree, synonymous with all of them.
[2, 3] The rule is that, when the legislature uses a term without defining it, such term being well known to the common law and there given definite meaning, it will *675 be presumed that the legislature used the word in the sense in which it was understood at common law. In re Phillips' Estate, 193 Wash. 194, 74 P.2d 1015. "Estate" being synonymous with "interest" at common law, its use in the statute cannot be held to evidence an intent to expand the ordinary meaning of the words "easements and rights in state lands" to include estates in fee.
We are of the opinion that RCW 79.01.414 can be given a reasonable effect and at the same time harmonized with RCW 76.12.120. Accordingly we hold that it authorizes the sale of easements and rights in the forest lands but does not authorize sales of the lands themselves.
The defendants also claim authority to make the sale by reason of RCW 79.01.128, which reads:
Whenever any state lands, except capitol building lands, lie within the limits of any watershed over or through which is derived the water supply of any city or town in this state, and such city or town shall desire to purchase or condemn the same, it may do so, and, in case of purchase, it shall have the right to purchase the land with the timber, fallen timber, stone, gravel, or other valuable material thereon without a separate appraisement thereof.
[4] State lands are defined by RCW 79.01.004 as lands belonging to or held in trust by the state, which are not devoted to or reserved for a particular use by law, .... (Italics ours.)
State forest lands are reserved for a particular use by RCW 76.12.120. Consequently they are excluded from the definition of state lands in RCW 79.01.004, and RCW 79.01.128 has no application.
It is urged that implied authority to make the sale in question is derived from RCW 8.12.030 and 35.92.010. We held in Seattle v. State, 54 Wn.2d 139, 338 P.2d 126, that these statutes authorize cities to condemn state lands within a municipal watershed which have not been dedicated to a public use. But these statutes are of no more aid to the defendants than is RCW 79.01.128, inasmuch as state forest lands are reserved by law for a public use.
*676 Error is assigned to the court's refusal to dismiss the action on the ground that it had not been commenced within the time provided by law. RCW 79.01.500 reads, in part:
Any applicant to purchase, or lease, any public lands of the state, ... and any person whose property rights or interests will be affected by such sale or lease, feeling himself aggrieved by any order or decision of the board of state land commissioners... concerning the same, may appeal therefrom to the superior court of the county in which such lands... are situated ... within thirty days from the date of the order or decision appealed from, ....
The plaintiffs are not persons whose property rights or interests will be affected by the sale of the lands in question. They are taxpayers, whose interest in the subject matter of the action is no different from that of other taxpayers. The statute gives them no right of appeal, nor does it apply to sales of state forest lands. We find no merit in this contention.
[5] Finally, the defendants urge that the plaintiffs have no standing to bring this suit, inasmuch as they have no interest different or greater than that of citizens generally. They concede that, under the law as it now stands in this state, the plaintiffs have such standing. In the leading case of Reiter v. Wallgren, 28 Wn.2d 872, 184 P.2d 571, we said:
We never have held that, in a proper case where the attorney general refused to act to protect the public interest, a taxpayer could not do so.
....
In the absence of a statute governing suits by taxpayers, a demand upon the proper public officers to take appropriate action is a condition precedent to the maintenance of a taxpayer's action challenging the validity and legality of what public officers are intending to do or have done, unless facts are alleged which sufficiently show that the demand to bring suit would have been useless."
In accord are State ex rel. Lemon v. Langlie, 45 Wn.2d 82, 273 P.2d 464, and State ex rel. Tattersall v. Yelle, 52 Wn.2d 856, 329 P.2d 841.
*677 The defendants maintain that, if taxpayers are allowed to bring injunction actions against public officers, the administration of public affairs will be unduly hampered. They have not brought to our attention a case illustrative of this evil, and certainly the instant action is not an example of unwarranted harassment. Inasmuch as it has not been demonstrated to the court that such taxpayers' suits result in more harm than good, we will not, on this occasion, overturn the rule allowing them.
The order is affirmed.
HILL, DONWORTH, WEAVER, OTT, HUNTER, and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.
HALE, J. (dissenting)
I dissent. The majority, I think, in upholding the plain language of RCW 76.12.120 enacted in 1923, forever reserving state forest lands from sale, has failed to give the same full effect to equally plain language employed in 1961 by the legislature in allowing the Department of Natural Resources discretion to grant rights and easements in such lands. RCW 79.01.414.
Forever is a long time, even in the forested regions of the Pacific Northwest, and when the legislature realized in 1961 it had, in 1923, sequestered forest lands forever from sale or grant  even in cases of the most urgent necessity  I think that it intentionally changed the law to provide for exceptional circumstances.
The city of Tacoma wishes to buy from the state of Washington certain forest lands within the city's Green River municipal watershed. Its purpose is to preserve and maintain a supply of pure water for the city. The Department of Natural Resources, claiming power to do so under RCW 79.01.414, has shown that it intends to make the sale and grant the land, unless prohibited by the courts.
That the legislature intended in 1923 to keep forest lands intact and forever preserved may be seen in Laws of 1923, ch. 154, § 7, p. 497 (RCW 76.12.120), stating:
All lands acquired or designated by said [state forestry] Board as state forest lands shall be forever reserved from sale, .... (Italics mine.)
*678 But the intent is equally clear that, nearly 40 years later, the legislature, exercising the identical powers by which it had forever removed the lands from any possible transfer, changed this drastic provision and awarded the Department of Natural Resources discretion to transfer such lands in exceptional circumstances. Laws of 1961, ch. 73, § 12, p. 1499 (RCW 79.01.414).
That the legislature made this change circumspectly and consistent with the idea of preserving forever  if not all, then nearly all  forest lands, may be seen in the restrictive character of the discretion vested in the Department of Natural Resources and in the omission to vest any powers in others to force the department to act. The department may grant in forest lands only such easements and rights as the recipient could lawfully acquire in privately owned lands were he proceeding elsewhere in eminent domain. No person  private, corporate, municipal or other  acquires any power in eminent domain by this statute (RCW 79.01.414), for the enactment vests power only in the department to grant, not power in others to compel it. Eminent domain is not used here as a grant of power, but rather as a delimiting measure for a power granted. The language employed seems remarkably suitable to so narrow and restrictive a purpose. RCW 79.01.414 reads:
The department of natural resources may grant to any person such easements and rights in state lands, tidelands, shorelands, oyster reserves, or state forest lands as the applicant applying therefor may acquire in privately owned lands through proceedings in eminent domain. No grant shall be made under this section until such time as the full market value of the estate or interest granted together with damages to all remaining property of the state of Washington has been ascertained and safely secured to the state.
I would agree with the majority that repeals by implication are not favored and that two enactments on the same subject will be allowed to stand side by side unless they are clearly repugnant to each other and cannot by fair and reasonable construction be reconciled. Babcock v. School *679 Dist. No. 17 of Clallam Cy., 57 Wn.2d 578, 358 P.2d 547; State ex rel. Reed v. Spanaway Water Dist., 38 Wn.2d 393, 229 P.2d 532. But it should be noted that lands cannot be forever sequestered and at the same time subject to grant or transfer. The corral gate cannot be held open and latched at the same time. Thus, the Department of Natural Resources cannot, under both statutes, be said to possess powers and duties standing side by side  one the duty to preserve forever state forest lands, and the other the power to grant easements and rights in the same lands.
I see an irreconcilable repugnancy between the two acts if left standing side by side, and conclude that in 1961 the legislature, by specifically granting the powers to the Department in RCW 79.01.414, intended and did amend RCW 76.12.120.
Where two statutes dealing with the same subject matter stand side by side, one treating the subject in a general comprehensive way, and the other enacted substantially later relating to a small, detailed area of the subject matter, I think the rule of construction set forth in City of Airway Heights v. Schroeder, 53 Wn.2d 625, 335 P.2d 578, remarkably pertinent:
This construction of the statutes is in accord with the general rule that where general and special laws are concurrent, the special law applies to the subject matter contemplated by it to the exclusion of the general law. State v. Becker, 39 Wn. (2d) 94, 234 P. (2d) 897. Also, it is in accord with the related rule that, the subsequent enactment of a statute which treats a phase of the same general subject matter in a more minute way consequently repeals pro tanto the provisions of the general statute with which it conflicts. 1 Sutherland, Statutory Construction (3d ed.) 488, § 2022; In re Walder v. Belnap, 51 Wn. (2d) 99, 316 P. (2d) 119.
Again I wish to point out that the language of RCW 79.01.414 grants no rights in eminent domain to anyone. It merely delimits and defines the kind of rights and easements which the Department of Natural Resources may grant as the grantee or transferee thereof might lawfully *680 acquire through eminent domain. I see no reason to read out of this language the power to sell or grant in fee simple if such estates could lawfully be acquired by the grantee in the exercise of eminent domain.
Therefore, I would reverse, vacate the restraining order and have the action dismissed.
October 21, 1965. Petition for rehearing denied.
NOTES
[*] Reported in 404 P.2d 432.