[No. 278-40916-1.    Division One—Panel 2.    December 28, 1970.]

STANLEY R. FLEMING, *Appellant*, v. KENNETH MULLIGAN *et al., Respondents.*

*Donald H. McGavick,* for appellant.

*Davies, Pearson, Anderson & Gadbow* and *Wayne J. Davies,* for respondents.

WILLIAMS, J.—The plaintiff brought action to recover for personal injuries sustained when he fell from the tailgate of a truck belonging to one of the defendants and driven by the other. This appeal lies from a judgment of dismissal entered at the close of plaintiff's case in a jury trial.

The facts which are admitted for the purposes of defendant's motion to dismiss are that the litigants were members of a party of six who had gone from Tacoma to eastern Washington to hunt pheasant. On the day of the accident, appellant, Stanley R. Fleming, had traveled with one group from the parties' temporary quarters to the hunting ground. Their car was parked on a farm-to-market road. When the other group arrived in the pickup truck, the driver turned off the road and drove down a hill a distance of 229 feet, where he parked. After the hunt, the two groups gathered near the truck preparatory to returning to their quarters.

The following critical events then occurred: The respondent driver called to appellant and two others requesting that they ride up the hill (about a 12 per cent grade) on the tailgate so that the wheels of the truck would have greater traction. The three did so with appellant in the middle. On the way up the hill, which was across open terrain, appellant, who had nothing to grasp, fell off, sustaining the injuries of which he complains.

The motion to dismiss at the close of appellant's case was granted on the theory that the 1933 host-guest statute (Laws of 1933, ch. 18, § 1, p. 145), which permits recovery by guests only if the tort is intentional, applied and that there was no showing of an intentional tort. Appellant assigns error to this ruling, contending that the applicable statute is the 1937 host-guest statute (Motor Vehicle Act,

Laws of 1937, ch. 189, § 121, p. 911), which allows recovery if the driver is guilty of gross negligence. His other contentions are that the court erred in determining that the accident occurred on private property and that appellant was a guest rather than a passenger.

■ It fairly appears from the record that the accident occurred on private property and that the driver's tort, if any, was not intentional. The 1937 Motor Vehicle Act only applies to the operation of motor vehicles upon a public highway. The trial court correctly ruled that the 1933 host-guest statute applied if appellant was a guest in the vehicle. *Crowley v. Barto*, 59 Wn.2d 280, 367 P.2d 828 (1962); *Becket v. Hutchinson*, 49 Wn.2d 888, 308 P.2d 235, 64 A.L.R.2d 691 (1957).

■ Giving the appellant the benefit of the most favorable inferences to be drawn from the evidence, as we must, we cannot say that appellant was a guest. To determine whether there was a host-guest relationship the following, taken from *Sargent v. Selvar*, 46 Wn.2d 271, 276, 280 P.2d 683 (1955) is helpful:

> The relationship, in its inception, carries with it the concept of a gratuitous offer of service by a host or licensor, or a request for such service on the part of a guest or licensee, and an acceptance, followed by the overt act of transportation.

Respondent Mulligan, called as an adverse witness, testified, "I asked them if they cared to ride the tailgate up the hill, that it might aid and assist the traction." Other testimony was to the same effect. It does not appear that appellant was looking for, or even wanted, a ride.

■ ■ In view of this state of the evidence, the jury could have found that there was not a gratuitous offer of service or a request for such service. The jury could also have found that there was not an overt act of transportation, but rather an effort to get the truck up the hill. The actual determination of what occurred and the status of the appellant at the time of the accident depended upon the conduct and intent of the parties and was for the jury.

*Owens v. Young,* 59 Wn.2d 30, 365 P.2d 774 (1961). A trial court may grant a challenge to the sufficiency of the plaintiff's evidence only when it can be said, as a matter of law, that there is no substantial evidence to support the claim. *Hall v. Puget Sound Bridge & Dry Dock Co.,* 66 Wn.2d 442, 403 P.2d 41 (1965); *Trudeau v. Haubrick,* 65 Wn.2d 286, 396 P.2d 805 (1964).

■ Respondents suggest that we should decide that appellant was contributorially negligent or assumed the risk as a matter of law. These issues are for the jury. Reasonable minds can differ over the inferences to be drawn from the evidence as to the conduct of the appellant. *Owens v. Young, supra; Palmer v. Massey-Ferguson, Inc.,* 3 Wn. App. 508, 476 P.2d 713 (1970).

■ ■ In view of the necessity of retrying the case, appellant's assignment of error as to the introduction of evidence of sick leave must be considered. During cross-examination, appellant was requested to testify, over objection, as to sick-leave benefits he had received from his employer. Since the benefits were derived from a collateral source, the evidence was not admissible for the purpose of mitigating damages. *Stone v. Seattle,* 64 Wn.2d 166, 391 P.2d 179 (1964). The court did permit the questioning to test the accuracy of the witness concerning his testimony on direct examination as to the time he had lost from work, which was one of the elements of damage claimed. The testimony was relevant to the issue of time loss. *Ladley v. Saint Paul Fire & Marine Ins. Co.,* 73 Wn.2d 928, 442 P.2d 983 (1968); *Kadiak Fisheries Co. v. Murphy Diesel Co.,* 70 Wn.2d 153, 422 P.2d 496 (1967). The court offered to give a limiting instruction to the effect that a collateral benefit would not mitigate damages. In matters of this kind, the trial court must necessarily have wide latitude. *Smith v. Seibly,* 72 Wn.2d 16, 431 P.2d 719 (1967). We do not find error in the ruling of the trial court.

The judgment of dismissal is reversed, and appellant is granted a new trial.

HOROWITZ, A. C. J., and UTTER, J., concur.

Petition for rehearing denied February 22, 1971.

Review denied by Supreme Court April 16, 1971.