[No. 35037.   Department Two.   January 21, 1960.]

LENARD LEON KEY et al., *Respondents*, v. RONALD REISWIG et al., *Appellants*, JAMES MCWILLIAMS et al., *Defendants*.

EDWIN G. REISWIG, *Appellant*, v. JAMES MCWILLIAMS et al., *Respondents*.[1]

*Horton & Wilkins* (*Hugh B. Horton,* of counsel), for appellants.

*Charles Snyder,* for respondents McWilliams.

*Cameron Sherwood* and *William M. Tugman,* for respondents Key.

[1]Reported in 348 P. (2d) 410.

ROSELLINI, J.—These actions arose out of an accident which occurred on the night of December 10, 1955, at a signal-controlled intersection in the downtown area of the city of Walla Walla. Ronald Reiswig, hereinafter referred to as the appellant, was proceeding west and the respondents McWilliams, in an automobile driven by James McWilliams, were proceeding east on West Main street. Both vehicles had stopped for a red light. The appellant's car was in the outside westbound lane; and the McWilliams car was in the inside eastbound lane. After the traffic signal had changed to green, McWilliams started to execute a left turn; and, as he proceeded into the appellant's lane of traffic, his automobile was struck in the right rear fender by the appellant's automobile—the impact causing the McWilliams vehicle to swing around and hit the respondents Keys, who, when the pedestrian signal turned green, had started walking east in the crosswalk and were still on the west side of the center line when they were struck.

Both of the Keys were injured and brought suit against both drivers. The appellant denied negligence and alleged that the accident was the fault of McWilliams. He filed a separate action against McWilliams and his wife for damages to his automobile. McWilliams denied that the damages were the result of negligence on his part, and cross-complained against the appellant for the damage to his vehicle, claiming that the accident was caused solely by the latter's negligence.

There was no contention on the part of either defendant in the Keys' action that the Keys were guilty of contributory negligence.

The actions were consolidated for trial, and, by stipulation, it was agreed between the defendants that the verdict in the Keys' case would determine their respective rights and liabilities toward each other. The jury returned a verdict in favor of the Keys against the appellant, and exonerated the respondents McWilliams.

The appellant contends that the respondent driver was guilty of negligence as a matter of law and assigns error

to the giving of the court's instruction No. 15, which was couched in language suggested by this court in the leading case of *Martin v. Hadenfeldt*, 157 Wash. 563, 289 Pac. 533, to wit:

"The laws of the State of Washington provide that drivers, when approaching highway intersections, shall look out for and give the right of way to vehicles on their right simultaneously approaching a given point within the intersection, whether such vehicles first enter and reach the intersection or not.

"This right of way, however, is not absolute but relative, and the duty to avoid accidents or collisions at highway intersections rests upon both drivers. The primary duty, however, rests upon the driver upon the left, which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times.

"If two cars collide within an intersection, then they must be considered to have been simultaneously approaching a given point within the intersection, within the meaning of the law. However, if the driver on the left meets the burden of producing evidence showing that the favored driver on the right so wrongfully, negligently or unlawfully operated his car as to deceive the driver on the left, as a reasonably prudent man, and warrant him in going forward on the assumption that he had the right to proceed, then the right of way rule would not apply in favor of the driver on the right."

It is the contention of the appellant that this instruction was not rendered appropriate by the evidence. He cites the cases of *Delsman v. Bertotti*, 200 Wash. 380, 93 P. (2d) 371, *Bowen v. Odland*, 200 Wash. 257, 93 P. (2d) 366, and *Cramer v. Bock*, 21 Wn. (2d) 13, 149 P. (2d) 525, holding that an instruction pointing out the rule relative to deception is only authorized when the evidence shows or justifies an inference that the disfavored driver was deceived by the actions of the favored driver and had reasonable grounds for going forward.

The testimony of McWilliams and his wife, who was with him at the time of the accident, was that he stopped at the intersection in the inside or left-turn lane, with his left-turn signal light flashing, and waited for the traffic control signal to change. At the same time, the appellant was

stopped at the intersection in the outside westbound lane and the vehicle next to him in the westbound inside lane was signaling for a left turn. When the light changed, the approaching vehicle in the inside lane began to execute a left turn in front of McWilliams, but the appellant's vehicle did not proceed into the intersection. Mrs. McWilliams said, "I believe he is waiting for us." McWilliams, "being of the same mind," began to turn and just as he reached the appellant's lane of traffic, the appellant suddenly started forward. In an attempt to avoid a collision, McWilliams speeded up, but the rear fender of his car was struck. There was evidence that the appellant was conversing with the occupants of the vehicle next to him and did not see the signal change, and he admitted that he did not see the Mc-Williams car until it was directly in front of him.

Although there have been many cases before this court where the disfavored driver claimed deception, our research has revealed none, in this jurisdiction nor in any other, where the favored driver was stopped when the disfavored driver claimed the right of way. The appellant does not suggest that under no circumstances would the disfavored driver be warranted in assuming that the favored driver was yielding the right of way to the disfavored driver who was signaling for a left turn. He does insist, however, that the evidence showed that McWilliams waited only a few seconds, and that a "few seconds" did not provide a reasonable margin of safety. He cites *Emanuel v. Wise*, 11 Wn. (2d) 198, 118 P. (2d) 969; *Billingsley v. Rovig-Temple Co.*, 16 Wn. (2d) 202, 133 P. (2d) 265, and *Shultes v. Halpin*, 33 Wn. (2d) 294, 205 P. (2d) 1201.

In two of these cases, the favored vehicle was moving toward the intersection when seen by the disfavored driver, and in each of them, the court held that, where the operator was aware that there was a margin of not more than two or three seconds in which to clear the intersection before the favored driver arrived at the point where the collision occurred, he did not allow a reasonable margin of safety, as a matter of law. In the third case cited, the disfavored driver never saw the favored vehicle. In each of these

cases, the favored vehicle was moving toward the intersection and the court could determine, as a matter of law, that the disfavored driver had not allowed himself a reasonable margin of safety in crossing the intersection.

But in a case such as this, where the favored vehicle is stopped at the intersection, the inquiry is not whether the disfavored driver was negligent in calculating the amount of time it would take the favored driver to reach the intersection but whether, under the circumstances, it was reasonable for him to assume that the favored driver was yielding the right of way. Here, there was physical evidence that the appellant did not start to move forward until McWilliams had begun to execute his turn and was almost directly in the path of appellant. Had McWilliams waited thirty seconds instead of two, three, or four, it would not have prevented the accident if the appellant had likewise continued his conversation for that period of time and then had started forward without looking.

Upon the evidence, the jury was entitled to find that the appellant waited a sufficient length of time to give McWilliams the impression that he was yielding the right of way, thereby deceiving him; to further find that the appellant's failure to proceed forward when the light changed was due to his inattention; and, that when he did start forward, he did so without looking ahead, thereby causing an accident which he could have avoided had it not been for his negligent inattention.

It is urged that McWilliams was negligent as a matter of law because, as he testified, he did not see the Keys in the crosswalk. However, they had not reached the center of the intersection when they were struck by the rear of the McWilliams vehicle. It is purely a matter of speculation whether, if the collision had not occurred, they would have walked into the path of, and been struck by, the McWilliams vehicle. Granting that McWilliams should have seen these pedestrians, we are not told how his failure to observe them caused the accident or how he could have avoided it, had he seen them. Unless his negligence in this

regard was a proximate cause of the accident, needless to say it could not render him liable.

We hold that there was sufficient evidence of deception to justify the giving of instruction No. 15, and whether McWilliams acted as a reasonably prudent person in attempting to make a left turn into the path of the appellant, was a question of fact for the jury.

The judgment is affirmed.

WEAVER, C. J., HILL, FINLEY, and FOSTER, JJ., concur.