[No. 35960.    Department Two.    October 26, 1961.]

WILMA OWENS et al., *Appellants,* v. CECIL YOUNG et al., *Respondents.**

*Reported in 365 P. (2d) 774.

*Arthur W. Kirschenmann, Robert R. Roberts,* and *Allen B. Fortier,* for appellants.

*Gavin, Robinson & Kendrick* and *Robert R. Redman,* for respondents Young.

*Halverson, Applegate & McDonald* and *Walter E. Weeks, Jr.,* for respondent Hill.

Отт, J.—January 18, 1960, at about 8:00 p. m., Mrs. Wilma Owens' automobile was stalled on a street in Yakima. While she and Mrs. Evelyn Troxell were trying to push it to start the motor, Burney Ray Hill and Larry Shafer stopped and offered assistance. Hill started the automobile by pushing it a short distance with his Chevrolet. Mrs. Owens offered to buy them a beer for their assistance. They drove the two automobiles to a tavern and, after drinking a bottle of beer apiece, decided to drive to another tavern. The four got into the Hill automobile and left the Owens automobile parked. They visited several taverns and cocktail lounges during the evening.

When the bars were about to close, they purchased a six-pack carton of beer and the four drove west from Yakima on the Lower Ahtanum road in the Hill automobile. As they approached the intersection with Goodman road, at about 2:30 a. m., January 19th, Mrs. Owens, who was in the rear seat with Shafer, asked Hill to "stop the car." Hill stopped; she got out, walked behind the automobile across the highway, and started toward Union Gap. Mrs.

Troxell asked Hill to "wait a minute and I would see if I could get her to come back to the car." She got out, leaving her purse. She overtook and talked with Mrs. Owens at a point approximately one hundred feet to the rear of the automobile. Shortly thereafter, they started to walk back to the automobile, which Hill backed toward them, stopping either to the right or slightly to the left of the center line of the highway. When they were nearly opposite the rear end of the vehicle and were preparing to cross the highway to it, they noticed an oncoming automobile. They stepped back on the shoulder of the highway, approximately eighteen inches off of the pavement, and waited for it to pass.

The paved portion of the road at that point was twenty-one and one-half feet wide, nineteen feet of which was traveled and comparatively clear of snow and ice. The shoulders were approximately three and one-half feet wide, with an additional three and one-half foot slope into a ditch. The ditch was full of snow, and the shoulders were covered with a thin layer of snow and ice. The temperature was about six degrees below zero. The women were dressed in black and white clothes which blended with the snow and shadows.

Elton D. Young, the driver of the oncoming automobile, did not see the women until he passed the glare of the headlights of the Hill vehicle. He veered his automobile to the left, striking Hill's and caroming into the women.

Mrs. Owens and Mrs. Troxell commenced separate actions to recover damages against the owners and drivers of both automobiles. The defendants denied negligence. The Youngs and Hill affirmatively pleaded contributory negligence, and Hill, in addition, asserted immunity by virtue of the host-guest statute, RCW 46.08.080. The actions were consolidated for trial.

At the close of plaintiffs' evidence, the trial court granted a nonsuit and dismissed the jury.

From the judgment dismissing the consolidated causes of action, the plaintiffs appeal.

Appellants first assert that the court erred in denying

recovery against respondent Hill upon the ground of the immunity of the host-guest statute, contending that, at the time of the accident, they were not being transported in the Hill automobile but were pedestrians.

RCW 46.08.080, *supra,* provides:

"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or the result of said owner's or operator's gross negligence or intoxication, and unless the proof of the cause of action is corroborated by competent evidence or testimony independent of, or in addition to, the testimony of the parties to the action: *Provided,* That this section shall not relieve any owner or operator of a motor vehicle from liability while it is being demonstrated to a prospective purchaser."

RCW 46.04.400 provides: " 'Pedestrian' means any person afoot."

▮▮▮ Whether a person's status is that of a pedestrian, within the purview of the statute, or whether the host-guest relationship has changed from that of a person being transported to that of a pedestrian, depends upon the facts and circumstances involved. The host-guest relationship is in the nature of an implied contract. The conduct and intent of the parties establish the host-guest status. See *Sargent v. Selvar,* 46 Wn. (2d) 271, 280 P. (2d) 683 (1955); *Taylor v. Taug,* 17 Wn. (2d) 533, 136 P. (2d) 176 (1943). It commences with the undertaking of the transportation and terminates upon the arrival at the agreed or implied destination. *Akins v. Hemphill,* 33 Wn. (2d) 735, 207 P. (2d) 195 (1949); *Taylor v. Taug, supra.* A temporary interruption of the actual transportation does not terminate the relationship. *Frankenstein v. House,* 41 Cal. App. (2d) 813, 107 P. (2d) 624 (1940); *Ethier v. Audette,* 307 Mass. 111, 29 N. E. (2d) 707 (1940); *Ruel v. Langelier,* 299 Mass. 240, 12 N. E. (2d) 735 (1938).

▮▮▮ Appellant Troxell, upon leaving the automobile, in-

formed Hill that she would be back. As to her, the record establishes the clear intent of the parties to continue the host-guest relationship. Appellant Owens' conduct as a guest would have constituted a severance of the relationship if her host, Hill, had understood thereby that it had terminated. Hill's conduct did not indicate that he believed his relationship as host had terminated. He had been requested to wait and, when he saw both women were returning to the automobile, he backed his vehicle to lessen the distance of their walk and warned them to look out for the oncoming automobile.

The precise issue here involved has never been decided by this court.

The Massachusetts rule is stated in *Motta v. Mello,* 338 Mass. 170, 154 N. E. (2d) 364 (1958), as follows:

"The crucial testimony is that of the plaintiff admitting (a) that she had been invited to ride by the defendant before she was injured, and (b) that when she was injured she was on her way to get into the automobile. By this latter evidence (relating to her own state of mind and intention) she is bound. [Citing case.]".

In *Bragdon v. Dinsmore,* 312 Mass. 628, 45 N. E. (2d) 833, 146 A. L. R. 680 (1942), the court said:

"The decisive question is whether at the time of the accident the plaintiff was a mere guest, in which event the defendant would not be liable in the absence of gross negligence; or whether that relationship had ceased, in which case the defendant would be liable if guilty of ordinary negligence. *Massaletti v. Fitzroy,* 228 Mass. 487. *Lyttle v. Monto,* 248 Mass. 340, 341. *Comeau v. Comeau,* 285 Mass. 578. *Ruel v. Langelier,* 299 Mass. 240. In the *Ruel* case it was said at page 242, that the 'degree of the defendant's duty does not depend upon the physical position of the plaintiff at the moment of the accident, or upon whether she was then in the defendant's automobile or outside of it, or upon whether in everyday language she would be described as a guest. The degree of the defendant's duty depends upon whether the act of the defendant claimed to be negligent was an act performed in the course of carrying out the gratuitous undertaking which the defendant had assumed.' "

In *Castle v. McKeown,* 327 Mich. 518, 42 N. W. (2d) 733 (1950), the plaintiff left the automobile for five minutes and was injured by the host's automobile upon her return. The court said:

"In the instant case the journey had not ended. The interruption was not over 5 minutes and was for purposes directly related to the trip and mutually beneficial to both driver and passenger."

See, also, *Langford v. Rogers,* 278 Mich. 310, 270 N. W. 692 (1936).

In *Hobbs v. Irwin,* 60 N. M. 479, 292 P. (2d) 779 (1956), the guest was injured while standing near the automobile as it was being turned around by the host for the return trip. In determining that the host-guest relationship existed, the court said:

" . . . Clearly the act of the defendant in turning the car around . . . for the return trip was necessarily incidental to the accomplishment of the gratuitous undertaking, in order to carry out the prearranged purpose of the trip. [Citing cases.]"

Appellants rely upon *Fone v. Elloian,* 297 Mass. 139, 7 N. E. (2d) 737 (1937). In the cited case, the host had transported a guest in his truck to a swimming pool. The host parked his truck and went swimming. The guest stayed in the vicinity of the vehicle and was injured when the truck's brakes failed to hold and it struck the guest. The court held that the host-guest relationship had terminated upon arrival at the pool and would not be resumed until the return trip, stating:

" . . . Their earlier common interest, the transportation of the plaintiff to the pond, had ceased. In the contemplation of the parties such a common interest would not again arise until, at some time which was not fixed, the homeward transportation of the plaintiff should be undertaken by the defendant."

In the instant case, the interruption was not within the contemplation of the parties at the time of undertaking the transportation. Both appellants Troxell and Owens stated that, as they approached the automobile, they in-

tended to continue the journey. All of the parties at this time were of a mind that the gratuitous furnishing of transportation had not terminated. The cited case is, therefore, not here apposite.

In *Kaplan v. Taub*, 104 So. (2d) 882 (Fla.), the Florida court, in construing that state's host-guest immunity statute, which contains the word "transported," held that the act applied to one who had not yet entered the automobile, but was "about to be transported" when the injuries were sustained.

The New Mexico host-guest statute also contains the word "transported," and, in *Hobbs v. Irwin, supra*, the court held that a guest standing outside the automobile at the time the injury occurred was within the purview of the statute.

We believe that reason and justice sustain the Massachusetts, Michigan, New Mexico, and Florida decisions. We hold that the host-guest relationship, at the time of this accident, had not terminated and that the court properly dismissed the claim as to respondent Hill.

Were the appellants guilty of contributory negligence, or are they barred from recovery as to respondents Young by the application of the maxim of *volenti non fit injuria?*

The trial court held that the appellants, who, at approximately 2:30 a. m., were standing some eighteen inches off the pavement on the shoulder, were too close to the edge of the pavement; that appellants were aware of the imminent danger and assumed the risk of it, and that, after seeing the automobile approaching, the appellants had ample time and sufficient space on the shoulder to have stepped back. The court concluded that appellants' conduct was not that of reasonably prudent persons and that, therefore, as a matter of law, reasonable men could not differ as to their being guilty of contributory negligence or as to whether the maxim of *volenti non fit injuria* applied.

Whether one's conduct meets the test of that of a reasonably prudent person, under the facts, is normally a question of fact for determination by the jury. *Key v. Reiswig*, 55 Wn. (2d) 512, 348 P. (2d) 410 (1960).

■ We have said that only in the clearest cases is the court justified in determining that minds of reasonable men could not differ, and in deciding the issue of contributory negligence as a matter of law. *O'Brien v. Seattle,* 52 Wn. (2d) 543, 327 P. (2d) 433 (1958). The court exercises no discretion in its determination of this issue of law. In deciding what constitutes such a clear case at the close of the evidence, the court is not justified in basing its determination upon an assumption that the jury might conclude from the facts that contributory negligence was established. To be such a clear case, the evidence of contributory negligence must be so conclusive that the court would have committed error to have submitted the issue to the jury. *Guerin v. Thompson,* 53 Wn. (2d) 515, 335 P. (2d) 36 (1959).

■ Measured by these rules and tests, we hold that the evidence before us did not establish such a clear case as to warrant taking the issue of appellants' contributory negligence from the jury. Nor, considering the evidence and all reasonable inferences therefrom, was the court warranted in concluding, as a matter of law, that appellants knew of and appreciated the risk and voluntarily assumed it.

For the reasons stated, the judgment as to respondents Young is reversed, and as to respondent Hill it is affirmed. Hill will recover costs. Costs in the proceeding against respondents Young will abide the final determination of the cause.

MALLERY, DONWORTH, and HUNTER, JJ., concur.

FINLEY, C. J., concurs in the result.