[No. 36128. Department One. August 16, 1962.]

HERBERT L. BROWN *et al.*, *Appellants*, v. RICHARD GAMBLE *et al.*, *Respondents.**

*Bassett, Davies & Roberts*, for appellants.

*Lycette, Diamond & Sylvester* and *Simon Wampold*, for respondents.

WEAVER, J.—A passenger brought this action for damages for personal injuries allegedly caused by the negligence of the driver of an automobile. The trial court sustained the driver's challenge to the sufficiency of the evidence be-

*Reported in 374 P. (2d) 151.

cause plaintiff had not established her status as a paying passenger

". . . by competent [corroborated] evidence or testimony independent of, or in addition to, the testimony of the parties to the action: . . ." RCW 46.08.080.

Plaintiff appeals from a judgment dismissing her action with prejudice; the assignments of error present a single question of statutory construction.

Plaintiff's cause of action against the driver is founded on the common law of torts; however, in 1933[1], the legislature placed drastic limitations upon causes of actions by passengers for the negligence of the driver of an automobile.

The statute was re-enacted in 1937 and codified as RCW 46.08.080. The 1937 statute provided:

"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator: *Provided*, That this section shall not relieve any owner or operator of a motor vehicle from liability while the same is being demonstrated to a prospective purchaser." Laws of 1937, chapter 189, § 121, p. 911; Rem. Rev. Stat., § 6360-121.

■ The statute did not create, but limited a cause of action, and, since it is in derogation of the common law, it is to be strictly construed. *Miller v. Treat*, 57 Wn. (2d) 524, 531, 358 P. (2d) 143 (1960); 60 C.J.S. 991, 996, Motor Vehicles, § 399(3).

For our present consideration, the crux of the statute is the qualifying phrase "without payment for such transportation."

In *Scholz v. Leuer*, 7 Wn. (2d) 76, 84, 109 P. (2d) 294 (1941), the court said:

". . . For the purposes of the instant case, the meaning of the words 'invited guest or licensee' can best be ascertained by considering them in connection with the phrase which immediately follows in the statute, that is,

[1]Laws of 1933, chapter 18, p. 145.

'without payment for such transportation.' The qualifying phrase limits the scope of 'invited guest or licensee' by indicating plainly that gratuitous carriage only is intended. *If there is payment for the transportation, the statute does not apply*, and this does not mean that payment must necessarily be made in money. . . ." (Italics ours.)

See, also, *Pence v. Berry*, 13 Wn. (2d) 564, 125 P. (2d) 645 (1942); *Potter v. Jaurez*, 189 Wash. 476, 66 P. (2d) 290 (1937); *Forman v. Shields*, 183 Wash. 333, 48 P. (2d) 599 (1935).

One commentator discussed this portion of the statute as follows:

". . . The qualifying phrase, 'without payment for such transportation,' seems to be the operative part of the statutory definition, limiting the ambit of the terms 'invited guest or licensee,' and hence that of the statute, to persons in the vehicle by the invitation or consent of the owner or operator and whose carriage is gratuitous. There must be 'payment', and moreover it must be 'for such transportation', before the bar of the statute is removed. . . ." John W. Richards, "The Washington Guest Statute," 15 Wash. L. Rev. 87, 89 (1940).

In 1957[2], the legislature amended the host-guest statute to provide:

"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, *or the result of said owner's or operator's gross negligence or intoxication, and unless the proof of the cause of action is corroborated by competent evidence or testimony independent of, or in addition to, the testimony of the parties to the action: Provided,* That this section shall not relieve any owner or operator of a motor vehicle from liability while it is being demonstrated to a prospective purchaser." Laws of 1957, chapter 132, § 1, p. 484. (Italics ours.)

The italicized language was added by the 1957 amendment. Thus, there is presented the question whether payment for transportation by a passenger in an automobile

[2]Re-enacted Laws of 1961, chapter 12, p. 250; RCW 46.08.080.

must be proved by corroborating evidence or testimony independent of, or in addition to, the testimony of the parties to the action. A comparison of the statute before and after the amendment discloses that the language of the first portion of the statute—"without payment for such transportation"—remains unchanged.

Prior to 1957, an "invited guest or licensee, without payment for such transportation" could escape the bar of the statute only by proving that such accident was intentional on the part of the owner or operator. In 1957, the legislature added two more exceptions; namely, the owner's or operator's gross negligence or intoxication. The 1957 statute requires, however, that proof of the cause of action—evidence of intentional conduct, gross negligence, or intoxication of the owner or operator—must be corroborated ". . . by competent evidence or testimony independent of, or in addition to, the testimony of the parties to the action. . . ."

When the status of a passenger is *not that* of ". . . an invited guest or licensee, without payment for such transportation, . . ." his cause of action against the owner or operator proceeds under the rules of common-law liability for negligence, unhampered by the legislative bar of the host-guest statute. The statute has no application. See *Scholz v. Leuer, supra.*

On the other hand, however, if the ". . . invited guest or licensee, without payment for such transportation . . ." seeks to avoid the bar of the statute by proving intentional conduct, gross negligence, or intoxication of the owner or operator, he must meet the evidential standards of the statute.

We conclude, therefore, that plaintiff's action is not barred by the host-guest statute by reason of the fact that plaintiff's evidence, on the issue of an agreement to pay her share of the transportation costs, was uncorroborated.

The judgment of dismissal is reversed, and the cause remanded for a new trial.

FINLEY, C. J., DONWORTH, ROSELLINI, and HAMILTON, JJ., concur.