[No. 37058. Department Two. October 29, 1964.]

LEO E. ERICKSON, *Respondent,* v. FRANK ROSSI *et al.,*
*Appellants.*\*

*H. Earl Davis,* for appellants.

*Fredrickson, Maxey & Bell,* by *Leo H. Fredrickson,* for
respondent.

FINLEY, J.—This is an action for personal injuries arising
out of an automobile accident. It involves the host-guest
statute, RCW 46.08.080. The significant issue in this appeal
is whether, in the light of the evidence, the trial judge erred
in allowing the case to go to the jury on the question of
whether the plaintiff was a passenger for hire or merely a
guest in a social sense. There are two long-standing require-
ments for a showing that the statutory legal status of the
plaintiff was that of a passenger for hire; *i.e.,* that there was
"payment for such transportation" within the meaning of
the statute:

"... (1) An actual or potential benefit in a material
or business sense resulting or to result to the owner, and
(2) that the transportation be motivated by the expectation
of such benefit." *Fuller v. Tucker,* 4 Wn. (2d) 426, 430, 103

\*Reported in 396 P. (2d) 170.

P. (2d) 1086 (1940); (Quoted and approved in *Vikelis v. Jaundalderis*, 55 Wn. (2d) 565, 568, 348 P. (2d) 649 (1960).)

With this test in mind and apropos of the conclusion we have reached that the trial court erred in submitting the above-stated issue to the jury, a resumé of the significant facts follows. The defendant, Frank Rossi, planned a trip from Spokane to Portland, Oregon, to pick up his payroll check and to visit his girl friend, now his wife. He asked his friend, Leo Erickson, the plaintiff, to accompany him. Apparently, Erickson also expected to have a date in Portland. Rossi stated that he would pay all expenses of the trip; that, in return, he wanted Erickson to share the driving. This procedure had been followed several times before. Sometimes the two friends used plaintiff's automobile. During the particular trip, an accident occurred while Rossi was driving an automobile owned by his mother, Margaret Larson.

█ We think this was clearly a social trip, engaged in by close friends, *motivated* by a social object: an evening with members of the distaff side. See *Nielson v. Harkoff,* 47 Wn. (2d) 205, 287 P. (2d) 95 (1955). Other than some essentially physical relief in driving the distance from Spokane to Portland, the only possible benefit resulting to Rossi (the driver-defendant) was that of obtaining his payroll check in Portland. This expected benefit is in our judgment dubious in "a material or business sense." Thus, it seems apparent that, viewing the evidence in the light most favorable to the plaintiff, there was an insufficient showing of "payment for such transportation" for the trial judge to allow a jury to consider whether the plaintiff was a passenger for hire rather than a guest in a social sense.

The trial court is reversed, and the case is dismissed.

OTT, C. J., WEAVER and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.