Argued November 4, affirmed December 16, 1964

# GUNDERSON *v.* BARRY
### 397 P. 2d 196

*William R. Bradshaw,* Klamath Falls, argued the cause for appellant. With him on the brief was Chick Chaloupka, Lakeview.

*Gerald Pullen,* Portland, argued the cause for respondent. On the brief were Robert P. Jones, Hershiser, McMenamin, Blyth & Jones, Portland.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

PER CURIAM.

This was an action for wrongful death. The death occurred as a result of an automobile accident in California. At the time plaintiff's husband, Gunderson, was riding in a car owned and operated by defendant's decedent, Barry. Both men were killed in the accident. Plaintiff alleged that, at the time of the accident, her husband Gunderson was on a joint business trip with Barry. By that means she sought to avoid the limitations of the guest statute. The trial court allowed a motion for involuntary nonsuit and found that the evidence would not support a jury verdict that Gunderson and Barry had been engaged in a joint business venture when the accident occurred.

The parties have presented the case as though the substantive law of California applied. We recognize that the law in this respect may not be as certain as it was once considered to be. See *Babcock v. Jackson,* 1963, 12 NY2d 473, 191 NE2d 279, 240 NYS2d 743, 95 ALR2d 1, and one of the many comments thereon at 63 Col L Rev 1212. The instant case, however, does not require that we examine the conflicts problem.

We agree with the trial court that plaintiff's contentions were not established by the law of either state. There was no substantial evidence that Barry received any business benefit which was a "substantial" motivating factor for furnishing transportation to Gunderson when the fatal accident occurred. *McCann v. Hoffman,* 1937, 9 Cal2d 279, 70 P2d 909, *Hayes v. Harry,* 1960, 6 Cal Rptr 671, 673, *Sinclair v. Barker,* 1964, 236 Or 599, 605, 390 P2d 321.

Midway on the proposed trip a friend of the two men joined them. Shortly thereafter the route of the trip was changed and the men started for Reno to spend the upcoming New Year's weekend. It was

during the side trip to Reno that the accident happened. Any business venture involved at the start of the trip was dissipated when the change of course to Reno was commenced. For all that appears in the record this was a lark. The trial court correctly ruled that the evidence did not sustain the plaintiff's allegations.

Affirmed.