[No. 39590.    Department One.    October 30, 1969.]

THOMAS O'CONNELL, *Appellant,* v. SCOTT PAPER COMPANY, *Respondent.**

*Wettrick, Toulouse, Lirhus & Hove,* by *Ralph C. Hove,* for appellant.

*Walsh & Margolis,* by *Harry Margolis,* for respondent.

*Reported in 460 P.2d 282.

McGovern, J.—Plaintiff appeals from an order sustaining a challenge to the sufficiency of the evidence at the close of his case.

His complaint emerged after the following sequence of events. Leo J. Foy, his long-time friend, prospective business associate and former coemployee, invited plaintiff to accompany him on a business trip to Everett. Mr. Foy was to examine some logs held for sale there by the Scott Paper Company. April 24, 1965, plaintiff and Mr. Foy arrived at defendant's place of business. From there they proceeded to the log storage area in an automobile owned by the defendant and driven by one of its employees, a Mr. Smith. Also in the car was Mr. McCullough, a fellow employee of Mr. Foy. After the logs were examined by Foy, McCullough and Smith, and after they had reentered the car to begin the return trip to defendant's office, plaintiff started to enter the vehicle. As he placed his left foot on the floor of the car and his left hand on the rear seat, the automobile moved forward about one "car length," dragging plaintiff's right leg and causing injuries. At the time of the accident, defendant's employee was again driving the automobile.

The trial court held as a matter of law that the automobile was not operated in a grossly negligent manner, that plaintiff was not a business invitee, and that he was barred from recovery by the limitations prescribed by RCW 46.08.080, the host-guest statute. Plaintiff assigns error to those conclusions.

We agree that it was error for the trial court to hold as a matter of law that plaintiff was barred from recovery by the terms of that statute. It provides:

> No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or the result of said owner's or operator's gross negligence or intoxication, and unless the proof of the cause of action is corroborated by competent evidence or testimony independent of, or in addition to, the testimony of

the parties to the action: *Provided*, That this section shall not relieve any owner or operator of a motor vehicle from liability while it is being demonstrated to a prospective purchaser.

■ We have held in a series of cases that, absent evidence of the driver's intentional wrongful act, or his gross negligence or his intoxication, a passenger in an automobile is not entitled to recover for injuries sustained on account of the driver's negligence unless it is shown that (1) an actual or potential benefit in a material or business sense had or was to result to the driver, and (2) the transportation was motivated by an expectation of such benefit. *Vikelis v. Jaundalderis*, 55 Wn.2d 565, 348 P.2d 649 (1960); *Nogosek v. Truedner*, 54 Wn.2d 906, 344 P.2d 1028 (1959); *Fuller v. Tucker*, 4 Wn.2d 426, 103 P.2d 1086 (1940).

■ Plaintiff argues that he was a business invitee on the premises to assist Mr. Foy in deciding whether or not Mr. Foy's employer should purchase defendant's logs. He says that the trial court, for purposes of ruling on the motion to dismiss, should have tested the evidence in the light most favorable to his position and that if it had done so, the challenge to the sufficiency of the evidence would have been denied. We agree. The record supports plaintiff's argument.

The pertinent evidence was as follows: By education and working experience, plaintiff is a knowledgeable person in the business field of sawmills and timber; Mr. Foy's company was considering the purchase of defendant's logs and assigned Mr. Foy the responsibility of examining those logs; Mr. Foy respected plaintiff's expertise and wanted his opinion on the value of those logs; plaintiff accompanied him to Everett for that purpose; while in the vicinity of the log area in question, plaintiff was injured while entering an automobile owned by the defendant, operated by one of its employees and into which he had been invited by that employee.

Considering that evidence in the light most favorable to the plaintiff, and considering all reasonable inferences that might be drawn from it, we hold that plaintiff had pro-

duced sufficient evidence at that point to withstand the challenge to the sufficiency of the evidence. Justifiable inferences from such evidence include the fact that defendant company stood to realize a business advantage or profit from plaintiff's presence because the prospective purchaser wanted plaintiff in attendance as a consultant on the value of those logs. Also properly inferable under the evidence is the fact that defendant invited plaintiff into its automobile for purposes of participating in the examination of the logs.

Equally apparent from the evidence for purposes of ruling on the motion challenging its sufficiency was proof of Mr. Smith's negligence in the operation of the automobile. The record indicates that he put the vehicle into motion upon hearing "a couple of doors slam" without first checking whether all passengers were then in the car; a jury could find from that evidence that the driver failed to exercise the degree of care expected of a reasonable person under the circumstances.

■ And, finally, we consider the court's ruling that the evidence, and reasonable inferences drawn from it, interpreted in the light most favorable towards the plaintiff, will not support a finding that Mr. Smith operated the car in a grossly negligent manner. We agree with the trial court. Our examination of the record fails to disclose sufficient direct or inferred evidence to support a jury finding of negligence substantially and appreciably greater than ordinary negligence. *Nist v. Tudor*, 67 Wn.2d 322, 407 P.2d 798 (1965). We concur in the view held by most courts and expressed in *Liability, under guest statutes, of driver or owner of motor vehicle for running over or hitting person attempting to enter the vehicle,* Annot., 1 A.L.R. 3d 1083 (1965), at 1085:

> Thus, under a guest statute the liability of the operator or owner of a motor vehicle for hitting or running over a person attempting to enter the vehicle is dependent upon the status of the injured party and the degree of negligence attributed to the driver's conduct at the time the accident occurred. In a majority of the cases in which the issue of the driver's liability to such a plaintiff has been raised, it has been held that the driver's conduct in per-

mitting the vehicle to move while the plaintiff was attempting to enter in [*sic*] constitutes merely ordinary negligence from which the driver is sheltered by operation of the guest statute, provided that the plaintiff was a "guest" within the meaning of the act when the injury was sustained.

(Footnotes omitted.)

For the reasons stated, we reverse.

HUNTER, C. J., WEAVER and HAMILTON, JJ., and JOHNSEN, J. Pro Tem., concur.