[No. 279-2. Division Two. June 10, 1971.]

HAL H. COLIN et al., *Appellants*, v. ARNEY ROGERS et al.,
*Respondents*.

*James R. Lowry* (of *Murray, Scott, McGavick, Graves, Lane & Lowry*), for appellants.

*W. Matt Murray* (of *Murray, Dunham & Waitt*), for respondents.

PEARSON, J.—In this action for personal injuries, plaintiffs appeal from a summary judgment of dismissal granted in favor of defendants.

The unique factual circumstances raise close legal issues involving the applicability of the host-guest statute (RCW 46.08.080) as well as the propriety of the trial court's determination that the defendant, Wendy Rogers, was not guilty of gross negligence as a matter of law, against the injured plaintiff, Lorna Colin.

The undisputed evidence furnished by affidavits, depositions, and interrogatories of the parties show that plaintiff, Hal H. Colin, and the defendant, Arney Rogers, both attended vocational school on Tuesday evenings. For approximately 2 months prior to March 25, 1969, Mr. Colin had driven Mr. Rogers to school each Tuesday evening, so that Mrs. Rogers would have available for her use the Rogers' 1959 Dodge automobile. We have searched the affidavits, depositions, and interrogatories of the parties carefully and can find no testimony from which it can reasonably be inferred that there was any agreement, express or implied,

that the two wives would share the 1959 Dodge automobile in exchange for the school transportation furnished by Colin to Rogers.

In fact, Mrs. Colin could not drive an automobile. Aside from two occasions when Mrs. Rogers took Mrs. Colin shopping, the Dodge automobile was (on Tuesday evenings) intended to exclusively benefit Mrs. Rogers, who, because of having young children in her home, desired an automobile in the event some emergency arose while her husband was away.

We thus agree with the trial court's determination that there was no "bilateral agreement" between the two couples which would qualify as a share-the-ride arrangement so as to make the host-guest law inapplicable as to the 1959 Dodge. *See Coerver v. Haab*, 23 Wn.2d 481, 161 P.2d 194, 161 A.L.R. 909 (1945).

On the Tuesday evening involved in this controversy, Mr. Colin had driven Mr. Rogers to school and Mrs. Colin was visiting in the Rogers' home. Mrs. Rogers decided to visit her aunt, Sharon Olson, at the latter's home on South 56th Street in Tacoma. Lorna Colin was invited to accompany her and the two Rogers children. The visit was purely a social one and the Rogers' 1959 Dodge was used.

The visit at the Olson home commenced at about 6:30 p.m. At somewhere near 8 p.m. the four returned to and reentered the Dodge, which was parked at the curb of the street, for the purpose of returning home. Mrs. Rogers was unable to start the vehicle and the parties returned to the Olson home. For the next 2 hours Mrs. Rogers went out to the vehicle intermittently and attempted to start it without success. On one occasion she attempted unsuccessfully to call her husband. About 10:45 p.m. both Mrs. Rogers and Mrs. Colin went out to the car to make another attempt to start it. The reason why Mrs. Colin accompanied Mrs. Rogers on this occasion is not clear. Mrs. Colin testified that she went out at Mrs. Rogers' request, since it was dark. Mrs. Rogers does not recall asking Mrs. Colin to accompany her. The two Rogers children were left in the house.

On this occasion Mrs. Rogers first lifted the hood and jiggled the battery cables, while Mrs. Colin stood on the sidewalk adjacent to the passenger door. Mrs. Rogers then entered the automobile, closed the driver's door, and attempted to start the vehicle. At this point Mrs. Colin was still standing outside the car on the sidewalk.

As Mrs. Rogers was about to give up on this attempt to start the car, Mrs. Colin commenced entering the vehicle from the passenger door. Mrs. Rogers presumably was aware of this fact, since the inside dome light went on as Mrs. Colin opened the passenger door. Suddenly, the engine started and the car shot backward about 4 feet, throwing Mrs. Colin to the ground, crushing her right leg between the car and a light pole which was immediately adjacent to the curb.

Mrs. Rogers' testimony disclosed that as she was making her last attempt to start the car prior to the injury, the hand brake was set, her foot was on the brake pedal, and the front wheels were turned against the curb, as the street was on a slight incline at this point. Nevertheless, the car appears to have moved directly backward as the open car door on the passenger side was badly damaged as it impacted with the light pole.

The 1959 Dodge was equipped with a pushbutton gear shift arrangement, with a drive button, a reverse button, two lower gear forward buttons and a neutral button. Mr. Rogers testified that his inspection of the vehicle after the accident revealed that it would not start unless the neutral button was depressed. We think this fact creates an inference from which the trier of fact could infer that Mrs. Rogers pushed the reverse button after the vehicle motor started and this must have occurred just as Mrs. Colin was entering the vehicle.

■ Plaintiff's complaint pleaded both negligence and gross negligence as theories of liability. We think the trial court was correct in its determination that as a matter of law Mrs. Rogers would not be guilty of gross negligence. Such a ruling is consonant with *O'Connell v. Scott Paper*

Co., 77 Wn.2d 186, 460 P.2d 282 (1969) wherein the Supreme Court held that as a matter of law a host is not guilty of gross negligence in causing the vehicle to move while the guest is in the act of entering it. In that case, the driver put the vehicle in motion upon hearing a "couple of doors slam" without first ascertaining that all passengers had entered. We note, however, that in *O'Connell,* the matter was remanded for a factual determination as to whether or not the injured plaintiff was a guest and thus subject to the bar of RCW 46.08.080.

We, like the Supreme Court in *O'Connell,* do not believe that Mrs. Rogers was guilty of negligence "substantially and appreciably greater than ordinary negligence." *Nist v. Tudor,* 67 Wn.2d 322, 407 P.2d 798 (1965).

However, we believe the real issue involved in this appeal is whether or not the gratuitous journey had yet recommenced, so as to make the host-guest statute applicable as a bar to Mrs. Colin. *Loffler v. Ottmar,* 69 Wn.2d 78, 417 P.2d 344 (1966) holds that an appreciable halt in a vehicle's progress which is within the contemplation of both the driver and passenger terminates the host-guest relationship where both the passenger and driver are clear of the vehicle. *Owens v. Young,* 59 Wn.2d 30, 365 P.2d 774 (1961) holds that a temporary interruption of the transportation will not terminate the host-guest relationship where the interruption is not within the contemplation of the parties at the time of undertaking the transportation.

While the distinction between these two cases on their respective facts is rather obscure, it is our view that under either or both decisions it is clear that the several-hour visit at the Olson home was within the contemplation of Mrs. Rogers and Mrs. Colin at the time the transportation was undertaken. Consequently, we hold that the host-guest relationship had clearly terminated and it is for us to determine, on the facts of this case, whether or not it had been resumed. Such issue was not directly involved in either *Loffler v. Ottmar, supra,* or *Owens v. Young, supra,* nor was it specifically an issue in *O'Connell v. Scott Paper Co.,*

*supra.* Other than these three cases, we find no others from Washington that are pertinent to the question involved.

 In *Owens* at page 33 the Supreme Court stated:

The host-guest relationship is in the nature of an implied contract. *The conduct and intent of the parties establish the host-guest status.* [Citations omitted.] It commences with the undertaking of the transportation and terminates upon the arrival at the agreed or implied destination. [Citations omitted.]

(Italics ours.) If the conduct and intent of the parties controls the establishment of the host-guest relationship, then it follows that such conduct and intent establishes when such relationship commences as well as when it terminates.

The host-guest statute itself is applicable to a person "transported" by the owner.[1] It thus becomes necessary to determine if the conduct and intent of the parties in the instant case demonstrated that the transportation had commenced at the time Mrs. Colin was injured.

We note that many opinions have been written in various jurisdictions construing host-guest statutes, and the holdings of the courts are by no means uniform. *See* 50 A.L.R.2d 974 (1956) for a collection of cases involving the question of whether or not the host-guest relationship has terminated; and *see* 1 A.L.R.3d 1083 (1962) for a collection of cases involved with commencement of the host-guest relationship.

 Some of the differences in holdings may be accounted for by virtue of differences in statutory language. *See Rainsbarger v. Shepherd,* 254 Iowa 486, 118 N.W.2d 41 (1962). Some may be due to whether or not a strict or liberal interpretation is placed upon the host-guest law. In Washington, the host-guest law, being in derogation of the

---

[1]RCW 46.08.080 provides in part: *"No person transported by the owner* or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages . . ."* (Italics ours.)

common law, is strictly construed. *See Brown v. Gamble,* 60 Wn.2d 376, 374 P.2d 151 (1962).

Several cases from other jurisdictions have refused to apply the host-guest law under circumstances similar to the instant case, and those states have host-guest statutes almost identical with the Washington statute. In *Hunter v. Baldwin,* 268 Mich. 106, 255 N.W. 431 (1934) the Supreme Court of Michigan held that the act did not apply, stating at page 111:

> While this is a case of first impression, we are constrained to hold that when plaintiff left the car upon arrival at the village of Kingston and remained away from it for a period of two or three hours, he ceased to be a guest passenger and that while in the act of cranking the car at the request of the operator of the car he had not resumed the position of that of a guest passenger.

In *Chapman v. Parker,* 203 Kan. 440, 454 P.2d 506 (1969) plaintiff was in the process of entering a vehicle and had one foot inside the open right rear door when the defendant moved the car forward. The Kansas Supreme Court stated at page 445:

> Here the appellee had not yet begun to physically transport the appellant. Therefore, the appellant was not one "who is transported," and she does not have to allege and prove gross and wanton negligence to recover damages from the appellee.

For similar holdings, *see Economou v. Anderson,* 4 Ohio App. 2d 1, 211 N.E.2d 82 (1965) where the statute applies while the guest "is being transported"; and *Smith v. Pope,* 53 Cal. App. 2d 43, 127 P.2d 292 (1942) where the statute applies while a guest is injured "during such ride."

While none of these decisions use the Washington approach of examining the conduct and intent of the parties to determine the existence of the relationship (*see Owens v. Young, supra*), the courts in each case have in fact placed a strict construction on the term "transported" or "riding" so as to preclude applicability of the statute to a passenger in the process of entering a stationary vehicle or

who is in some other way assisting the driver in starting the automobile.

It is our view that whether we strictly construe the word transported in its physical sense as did the Kansas Supreme Court or whether we examine the conduct and intent of the parties, the result is the same.

It is clear that when Mrs. Colin was injured the transportation had not commenced in the strict sense. Likewise, we do not think reasonable minds could differ on whether or not the conduct and intent of the parties demonstrated the commencement of the transportation at the time of injury. When Mrs. Colin and Mrs. Rogers left the Olson home it is obvious that the return trip home was not immediately contemplated. In the first place the parties at that time (and in fact even as Mrs. Colin started to enter the car), had no reason to believe that the vehicle could be successfully started. Secondly, even had a successful start been accomplished the return trip was not intended to commence until after one of the ladies returned to the Olson home to summon the children.

Under these circumstances we hold that as a matter of law the host-guest law does not apply and the case should proceed on ordinary negligence principles.

Judgment reversed. Costs on appeal should abide the ultimate outcome of the trial.

PETRIE, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied August 2, 1971.

Review denied by Supreme Court September 21, 1971.